UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAMELA S. ANTON, an individual,

       Plaintiff,         Civil Case No. 01-40098

  v.

                                       Judge–Hon. Paul V. Gadola

SBC GLOBAL SERVICES, INC., d/b/a
AMERITECH INFORMATION SYSTEMS,      Magistrate Judge -
INC., a/k/a AMERITECH, a/k/a                 Hon. Steven D. Pepe
SBC/Ameritech, a Delaware corporation,

       Defendant.
_____/

CHERYL FREEMAN SNIPES, an individual,

       Plaintiff,        Civil Case No. 01-40213

  v.

                                       Judge–Hon. Paul V. Gadola

SBC GLOBAL SERVICES, INC., d/b/a
AMERITECH INFORMATION SYSTEMS,      Magistrate Judge -
INC., a/k/a AMERITECH, a/k/a                 Hon. Steven D. Pepe
SBC/Ameritech, a Delaware corporation,

       Defendant.
_____/

## **ORDER**

Before the Court are Defendant's objections to United States Magistrate Judge Steven D. Pepe's September 29, 2006 "Opinion & Order Regarding Plaintiff's Proposed Exhibits #27 & #28," filed as docket entry 166. For the reasons stated below, the Court overrules Defendant's objections.

**I.**     **Background**

This case involves a dispute over unpaid commissions allegedly owed to Plaintiffs by Defendant. Plaintiffs Pamela Anton and Cheryl Snipes are the former employees of Defendant SBC Global Services, Inc. While employed by Defendant, Plaintiffs developed an agreement between

Defendant and Colin Communications, Inc. ("the Agreement"), involving the sale and installation of Digital Subscriber Lines ("DSL") by Colin Communications. Plaintiffs claim that they did not receive the commissions on the Agreement to which they were entitled. More specifically, Plaintiffs contend that they had an implied-in-fact contract with Defendant, based on prior representations and a past course of dealing, regarding their commission rates on contracts developed by Plaintiffs for Defendant. Accordingly, Plaintiffs allege that they are entitled to commissions based on the Life Cycle Revenue ("LCR") of the Colin Communications Agreement. (The LCR is the total value of an agreement over the agreement's entire life.) In other words, Plaintiffs assert that, due to their implied-in-fact contract with Defendant, Plaintiffs are entitled to commissions based on a certain percentage of the full face value of the Agreement between Defendant and Colin Communications at the time it was signed, assuming full performance by the parties to the Agreement. Plaintiffs argue that the full face value of the Agreement involves the aggregate projected revenue of the Agreement and not simply the damages recovered in the case of a breach of the Agreement by Colin Communications.

Plaintiffs request the admission and use of Proposed Exhibits 27 and 28 in order to demonstrate the total value of the Agreement on which Plaintiffs base their calculations for commissions owed. These exhibits are demonstrative aids that illustrate a straight line economic model of projected revenue for the Agreement over the entire life of the Agreement.

Defendant filed a motion in limine opposing the admission of Proposed Exhibits 27 and 28. The motion was referred to Magistrate Judge Pepe, and on September 29, 2006, the Magistrate Judge denied the motion in limine. Defendant then filed the current objections to the Magistrate Judge's order.

## II. Standard of Review

Magistrate Judge Pepe's order denying Defendant's motion in limine is a nondispositive order. As such, the Magistrate Judge's order is governed by the terms of 28 U.S.C. § 636(b)(1)(A). This section states: "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Rule 72(a) of the Federal Rules of Civil Procedure further provides:

> A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Fed. R. Civ. P. 72(a).

"According to the Supreme Court and the United States Court of Appeals for the Sixth Circuit, '[a] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (Gadola, J.) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 398 (1948); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992)).

## III. Analysis

In this case, Plaintiffs' cause of action is based on a theory of the existence of an implied-in-fact contract. This theory of recovery has already survived earlier motions for summary judgment

3

and can proceed to trial. As Magistrate Judge Pepe stated in his Report and Recommendation: "A reasonable fact finder could conclude that the respective Plaintiffs had an implied in fact contract with Defendant to pay commission (1) on contract, (2) based on a LCR that (3) assumed full performance, and (4) no reduction or recoupment was imposed if the contract had a lower than 100% liquidated damages provision or if the contract was later cancelled." Order of Mag. J., p.16 (docket entry 166, Sept. 29, 2006). Under Plaintiffs' implied-in-fact theory, Plaintiffs' damages are related to the total unreduced value of the Agreement between Defendant and Colin Communications. Thus, it is clear that Plaintiffs should be permitted to show the total value of the Agreement over its entire life. In order to demonstrate the Agreement's total value over the entire life of the Agreement, Plaintiff seeks the admission of Proposed Exhibits 27 and 28. The exhibits are charts and aids which show this increasing value of the Agreement during the life of the Agreement. The charts demonstrate the total value of the Agreement by plotting the anticipated number of DSL lines that would be ordered and installed every month over the life of the Agreement, and by showing the value of these DSL lines. The charts represent a straight line economic model because they assume a steady, consistent growth of DSL lines every month.

In his Order, Magistrate Judge Pepe ruled that Proposed Exhibits 27 and 28 should not be barred so long as Plaintiffs have the opportunity at trial to lay a foundation regarding the underlying assumptions in the straight line model for revenue proposed by Plaintiffs. An appropriate foundation could include the practices and understandings of the parties in the areas of development and marketing, and other areas related to the number of sales and installations of DSL lines projected under the Agreement.

After having reviewed Defendant's objections to the Magistrate Judge's order, the Court

does not find that Magistrate Judge Pepe acted clearly erroneously or contrary to law.

> A plaintiff asserting a cause of action has the burden of proving damages with reasonable certainty, and damages predicated on speculation and conjecture are not recoverable. Damages, however, are not speculative simply because they cannot be ascertained with mathematical precision. Although the result may only be an approximation, it is sufficient if a reasonable basis for computation exists. Moreover, the law will not demand that a plaintiff show a higher degree of certainty than the nature of the case permits. . . . Furthermore, the certainty requirement is relaxed where damages have been established but the amount of damages remains an open question. Questions regarding what damages may be reasonably anticipated are issues better left to the trier of fact.

*Health Call v. Atrium Home & Health Care Servs.*, 706 N.W.2d 843, 852 (Mich. Ct. App. 2005) (citations omitted).

In this case, the Court finds that Plaintiffs' damages, commissions based on a percentage of the total value of the Agreement, are not predicated on speculation or conjecture. Here, Plaintiffs propose to demonstrate that their damages equal a percentage of the total value of the Agreement over its entire life, and that the total value of the Agreement is related to the value of the DSL lines which were projected to steadily increase in number every month. The straight line method used by the Plaintiff in Exhibits 27 and 28 is an arithmetic progression of the projected number of DSL lines increasing each month. Since the value of each DSL line is known, the projected value of the total number of DSL lines from each month can be determined. This straight line economic model "may only be an approximation" of the total value of the Agreement, but it remains "a reasonable basis for computation." *See id.* Therefore, Plaintiffs should be given the opportunity to lay a foundation for the admission and use of Exhibits 27 and 28. The Court also notes that the Magistrate Judge's suggestion that a hearing be conducted in advance of trial in order for Plaintiffs to make a proffer of evidence for laying a foundation is a reasonable one under the circumstances. *See* Order of Mag. J., p.18, n.8 (docket entry 166, Sept. 29, 2006).

5

In conclusion, after having reviewed the relevant portions of the record, the Court finds that the Magistrate Judge's order is not clearly erroneous or contrary to law. Also, contrary to Defendant's arguments, the Court sees no reason to strike the non-binding portions of the Magistrate Judge's order which discuss many of the complex aspects and elements of the case.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's objections [docket entry 169] to the Magistrate Judge's Opinion and Order Regarding Plaintiffs' Proposed Exhibits #27 & #28 [docket entry 166] are **OVERRULED**.

**SO ORDERED**.

Dated: __May 22, 2007__             s/Paul V. Gadola
                                                    HONORABLE PAUL V. GADOLA
                                                    UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on __May 22, 2007__, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

    Michelle L. Alamo; David R. Deromedi; Maurice G. Jenkins; David A. Lawrence; Mark W. Peyser; Kathryn S. Wood, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____.

                                            s/Ruth A. Brissaud
                                            Ruth A. Brissaud, Case Manager
                                            (810) 341-7845