UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAMELA S. ANTON, an individual,

        Plaintiff,                        Civil Case No. 01-40098

    v.

                                          Judge–Hon. Paul V. Gadola

SBC GLOBAL SERVICES, INC., d/b/a
AMERITECH INFORMATION SYSTEMS,      Magistrate Judge -
INC., a/k/a AMERITECH, a/k/a              Hon. Steven D. Pepe
SBC/Ameritech, a Delaware corporation,

        Defendant.

_____/

CHERYL FREEMAN SNIPES, an individual,

        Plaintiff,                        Civil Case No. 01-40213

    v.

                                          Judge–Hon. Paul V. Gadola

SBC GLOBAL SERVICES, INC., d/b/a
AMERITECH INFORMATION SYSTEMS,      Magistrate Judge -
INC., a/k/a AMERITECH, a/k/a              Hon. Steven D. Pepe
SBC/Ameritech, a Delaware corporation,

        Defendant.

_____/

## ORDER

Before the Court are Plaintiffs' objections to United States Magistrate Judge Steven D. Pepe's September 29, 2006 "Order Following Motion in Limine," filed as docket entry 165. For the reasons below, the Court sustains in part and overrules in part Plaintiffs' objections.

**I.**      **Background**

This case involves a dispute over unpaid commissions allegedly owed to Plaintiffs by Defendant. Plaintiffs Pamela Anton and Cheryl Snipes are the former employees of Defendant who developed an agreement between Defendant and Colin Communications, Inc., involving the sale and

installation of Digital Subscriber Lines ("DSL") by Colin Communications.  Plaintiffs contend that they have an implied-in-fact contract with Defendant, based on prior representations and a past course of dealing, regarding their commission rates on contracts developed by Plaintiffs for Defendant.

Both Plaintiffs and Defendant filed many motions in limine that were referred to Magistrate Judge Pepe.  The Magistrate Judge conducted extensive in person and telephonic hearings on these motions in limine.  Some of the motions in limine were ruled on by the Magistrate Judge in an order dated December 13, 2005 (docket entry 164).  The remaining motions in limine were ruled on by the Magistrate Judge in an order dated September 29, 2006 (docket entry 165).  On October 31, 2006, Plaintiffs filed objections to the September 29, 2006 order.

## II.    Standard of Review

Magistrate Judge Pepe's order on motions in limine is a nondispositive order.  As such, the Magistrate Judge's order is governed by the terms of 28 U.S.C. § 636(b)(1)(A).  This section states: "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).  Rule 72(a) of the Federal Rules of Civil Procedure further provides:

> A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Fed. R. Civ. P. 72(a).

"According to the Supreme Court and the United States Court of Appeals for the Sixth Circuit, '[a] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " *United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (Gadola, J.) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 398 (1948); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992)).

## III.    Analysis

Each objection will be considered in turn.

1. Plaintiffs object to Paragraph 1 of the Magistrate Judge's order which rules that Plaintiffs' Proposed Exhibit 2, a contract dated November 30, 1999, "is not admissible on course of conduct for Plaintiff Anton because it was signed before she commenced work for Defendant."  Order of Mag. J., p.16 (docket entry 165, Sept. 29, 2006).  Plaintiffs argue that the Magistrate Judge made a simple mistake with the dates because the undisputed facts establish that Plaintiff Anton began working for Defendant in July 1999.  Though Defendant concedes that the Magistrate Judge erred with the date, Defendant argues that the exhibit should still be excluded because it is irrelevant. After considering the parties' arguments, the Court finds that the Magistrate Judge erred in his ruling and that Plaintiffs' Proposed Exhibit 2 is admissible as evidence of a prior course of conduct with regard to Plaintiff Anton.  Accordingly, Plaintiffs' objection is sustained.

2. Plaintiffs object to Paragraph 4 of the Magistrate Judge's order excluding Plaintiffs' Proposed Exhibit 17, which is a transcript of a telephone message to Plaintiff Anton.  After considering the arguments of the parties, the Court finds that the Magistrate Judge's ruling is not clearly erroneous and that Plaintiffs' Proposed Exhibit 17 is inadmissible under Federal Rule of

Evidence 408.  Accordingly, Plaintiffs' objection is overruled.

3.  Plaintiffs object to Paragraph 12 of the Magistrate Judge's order excluding Plaintiffs' Proposed Exhibit 30, which consists of certain emails made in July 1999 discussing compensation issues.  The Magistrate Judge found the exhibit admissible only with regard to Plaintiff Snipes, and not Plaintiff Anton, presumably because the Magistrate Judge was under the mistaken belief that Plaintiff Anton began working for Defendant after November 1999.  Consequently, the Court finds that the Magistrate Judge erred in his ruling.  Just as Plaintiffs' Proposed Exhibit 30 is admissible with regard to Plaintiff Snipes, it is admissible with regard to Plaintiff Anton and her knowledge concerning compensation issues.  Accordingly, Plaintiffs' objection is sustained.

4.  Plaintiffs object to Paragraphs 19 and 24 of the Magistrate Judge's order excluding Plaintiffs' Proposed Exhibits 38 and 48.  The Magistrate Judge ruled that Defendant's 2000 and 2001 "Standard Wholesale DSL Agreements" are not relevant.  The 2000 and 2001 agreements post-date the Colin Communications Agreement, which is the contract on which Plaintiffs claim commissions.  Consequently, the Magistrate Judge was not clearly erroneous in finding that the later agreements were not relevant to the interpretation or valuation of the earlier Colin Communications Agreement.  Accordingly, Plaintiffs' objection is overruled.

5.  Plaintiffs object to Paragraph 21 of the Magistrate Judge's order excluding Plaintiffs' Proposed Exhibit 45.  The Magistrate Judge ruled that a transcript and audiotape of a conference concerning Defendant's 2001 Compensation Plan has minimal relevance and is inadmissible because its probative value is significantly outweighed by the potential of unfair prejudice.  This ruling by the Magistrate Judge was not clearly erroneous.  The 2001 Compensation Plan post-dates the Colin Communications Agreement.  Consequently, Proposed Exhibit 45, which is related to the 2001

Compensation Plan, has minimal relevance and would create a danger of unfair prejudice and unnecessary confusion in the minds of a jury. Accordingly, Plaintiffs' objection is overruled.

6. Plaintiffs object to Paragraphs 23 through 28 of the Magistrate Judge's order, excluding Plaintiffs' Proposed Exhibits 47, 49, 50, 51, and 52. These exhibits consist of the 2001 Compensation Plan and various emails related thereto. The Magistrate Judge excluded these exhibits because they had minimal relevance and their probative value was significantly outweighed by the potential of unfair prejudice. This ruling by the Magistrate Judge was not clearly erroneous. The 2001 Compensation Plan post-dates the Colin Communications Agreement. Accordingly, the 2001 Compensation Plan and the exhibits related thereto have minimal relevance and would create a danger of unfair prejudice and unnecessary confusion in the minds of a jury. Accordingly, Plaintiffs' objection is overruled.

7. Plaintiffs object to Paragraphs 33 and 35 of the Magistrate Judge's order, excluding Plaintiffs' Proposed Exhibit 65, James Colin's affidavit, and limiting James Colin's testimony at trial to the subject matter of Paragraph 5 of his affidavit. The Court finds that the Magistrate Judge's ruling was not clearly erroneous because James Colin's affidavit is hearsay and does not fall within any of the hearsay exceptions. In addition, James Colin's testimony (except as related to the subject matter of Paragraph 5 of his affidavit) is irrelevant and would create a danger of unfair prejudice and unnecessary confusion in the minds of a jury. Accordingly, Plaintiffs' objection is overruled.

8. Plaintiffs object to Paragraph 37 of the Magistrate Judge's order, excluding Plaintiffs' proposed testimony of Mike Duncan on account of the testimony being irrelevant. The Court finds that the Magistrate Judge's ruling was not clearly erroneous because Mike Duncan's testimony is not relevant to Plaintiffs' claims of an implied in fact contract and because the testimony would

create unnecessary confusion in the minds of a jury. Accordingly, Plaintiffs' objection is overruled.

9. Plaintiffs object to Paragraph 46 of the Magistrate Judge's order, which denied Plaintiffs' request to exclude evidence concerning actual revenue received by Defendant on the Colin Communications Agreement. In an effort to balance between the competing theories of the total value of the Colin Communications Agreement, the Magistrate Judge ruled that evidence concerning the amount of revenue received under the Colin Communications Agreement was admissible, but that the trial judge should instruct the jury that the number of DSL lines sold is irrelevant and should not be considered with regard to Plaintiffs' implied in fact contract theory. After reviewing the arguments of both parties, the Court finds that the Magistrate Judge's ruling in Paragraph 46 of his order is neither clearly erroneous or contrary to law. Accordingly, Plaintiffs' objection is overruled.

10. Plaintiffs' objection to Paragraph 48 of the Magistrate Judge's order is moot because Defendant indicates that any demonstrative aids used at trial will be based on admissible exhibits and evidence presented at trial.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiffs' objections [docket entry 168] to the Magistrate Judge's "Order Following Motion in Limine" [docket entry 165] are **SUSTAINED IN PART** and **OVERRULED IN PART**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's "Order Following Motion in Limine" [docket entry 165] is modified in a manner not inconsistent with this Order.

**SO ORDERED**.


Dated:   June 6, 2007                                    s/Paul V. Gadola                              
                                                         HONORABLE PAUL V. GADOLA
                                                         UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on ___June 6, 2007___ , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

___Michelle L. Alamo; David R. Deromedi; Maurice G. Jenkins; David A. Lawrence; Mark W. Peyser; Kathryn S. Wood_____ , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____ .

s/Ruth  A.  Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845