UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAM ANTON and
CHERYL SNIPES,

    Plaintiffs,

v.                                                    Case No. 01-40098
                                                           01-40213
                                                      Hon. Sean F. Cox

SBC GLOBAL SERVICES,

    Defendant.
_____

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for judgment as a matter of law pursuant to Fed.R.Civ.P. 50. Both parties have briefed the issues. For the following reasons, the Court **DENIES** Defendant's Motion for judgment as a matter of law.

### I.    BACKGROUND

This action arises out of the failure to pay Plaintiffs the commissions they believed they were entitled to on a wholesale DSL contract with Colin Communications, Inc. Plaintiffs both assert a claim for breach of an implied-in-fact contract. The underlying facts are sufficiently set forth in the parties' Trial Briefs filed July 24, 2007. [Doc. 192 and 193].

Trial commenced in this action on August 9, 2007. Both parties rested by August 21, 2007. Also on August 21, 2007, Defendant filed the instant Motion for judgment as a matter of law. [Doc. 207]. Plaintiffs filed a Response on August 23, 2007. [Doc. 209].

1

Defendant contends that it is entitled to judgment as a matter of law because: (1) no reasonable jury could find that Defendant assented to pay commissions based on the LCR of each contract sold; (2) no reasonable jury could find that Defendant assented to the implied in fact terms asserted by Plaintiffs in light of Defendant's Sales Compensation Plan; and (3) Plaintiffs cannot establish a course of conduct regarding wholesale DSL contracts because the CCI Agreement was the first of that kind.

## II. STANDARD OF REVIEW

In the Sixth Circuit, the state law standard for a motion for judgment as a matter of law controls in a diversity case. *Ridgway v. Ford Dealer Computer Services, Inc.*, 114 F.3d 94, 97 (6th Cir. 1997). Under Michigan law, in a motion for directed verdict, i.e., a motion for judgment as a matter of law, the evidence and all legitimate inferences are viewed in the light most favorable to the nonmoving party. *Sniecinski v. Blue Cross and Blue Shield of Michigan*, 469 Mich. 124, 131 (2003). "A motion for directed verdict...should be granted only if the evidence viewed in this light fails to establish a claim as a matter of law." *Id*. "If reasonable jurors could honestly have reached different conclusions, [the court] may not substitute its judgment for that of the jury." *Wiley v. Henry Ford Cottage Hospital*, 257 Mich.App. 488, 491 (Mich.App. 2003).

## III. ANALYSIS

**A.     Could a Reasonable Juror Find that SBC Assented to Pay Plaintiffs Commissions Based on the LCR or "on contract" Value of Contracts Sold?**

The parties agree that an implied-in-fact contract exists for the payment of commissions to Plaintiffs on the CCI Agreement. However, the parties disagree over the applicable terms. To resolve the dispute, the jury must determine how a reasonable person in Plaintiffs' positions

2

would have interpreted Defendant's statements and conduct. *Rood v. General Dynamics Corporation*, 444 Mich. 107, 119 (1993). Such an analysis requires consideration of "all the relevant circumstances surrounding the transaction, including all writings, oral statements, and other conduct by which the parties manifested their intent." *Id*.

Defendant argues that Plaintiffs have not submitted sufficient evidence for a reasonable jury to conclude that the terms proposed by Plaintiffs governed the implied-in-fact contract. Specifically, Defendant asserts that there is no evidence that the terms of the implied-in-fact contract required Plaintiffs' commissions to be paid based on the LCR or "on contract."

Plaintiffs have adduced sufficient evidence, through witnesses and documents, including both direct and circumstantial evidence, such that a reasonable juror could find that a reasonable person in Plaintiffs' positions would have expected to be paid based on the LCR, or "on contract" value, of the CCI Agreement. Accordingly, Defendant is not entitled to judgment as a matter of law.

**B.     Could a Reasonable Juror Find that SBC Assented to Plaintiffs' Proffered Terms In Light of the Sales Compensation Plan?**

Defendants assert that because evidence was produced at trial showing that SBC maintained a yearly Sales Compensation Plan and Administrative Guidelines - which included the Large Sale Exception - and the guidelines were posted on and accessible through the Lotus Notes database, Plaintiffs cannot assert contrary terms as part of the implied-in-fact contract. Defendant relies on *Mannix v. City of Monroe*, 348 F.3d 526 (6th Cir. 2003), to support its argument.

In his Report and Recommendation on the Defendant's motions for summary judgment

3

Magistrate Judge Pepe dispensed with Defendant's argument. [Doc. 120].[1]  He found that *Mannix* is distinguishable. [Doc. 120, p.18 and 20].  Over Defendant's objection, Judge Gadola adopted Magistrate Judge Pepe's Report and Recommendation. [Doc. 130].

In *Mannix*, the court found that where an employer alleged a change from just cause employment to at-will employment, no proof of actual notice to an individual employee was required.  Rather, whether an employee could have a "legitimate expectation" of just cause employment depended on the employer's promises to the workforce in general.  Specifically in *Mannix*, the employee argued that because he had never read the policies of the employer which demonstrated the at-will status of his employment, the policies were not applicable.  The court found that deliberate ignorance of an employer's policies did not abrogate the effectiveness of those policies.

Here, and in the motion for summary judgment on which Magistrate Judge Pepe and Judge Gadola ruled, Defendant argues that the holding of *Mannix* is applicable in this case.  Defendant contends that because it made available to its workforce the Sales Compensation Plan, which contained the large sale exception, Plaintiffs cannot argue that the terms of their implied-in-fact contract were contrary to the terms contained in the Sales Compensation Plan.  To the contrary, Magistrate Judge Pepe ruled that "reasonable *individual notice* of the large sale exception is required either in the formation or modification of the compensation agreement...*SBC must at least prove that employees knew the Plan - with its terms and exceptions - applied to them* and was posted at an online site reasonably available to its

---

[1]This refers to the Report and Recommendation involving Plaintiff Anton, however the arguments and holding are the same with respect to Plaintiff Freeman-Snipes.  For convenience, the citations refer only to the Report and Recommendation involving Plaintiff Anton.

employees." [Doc. 120, p.20-21](emphasis added).

There was no evidence presented at trial that renders inapplicable, the previous findings of Magistrate Judge Pepe and Judge Gadola. Thus, the Court will not disturb their rulings. Defendant is not entitled to judgment as a matter of law based on the holding in *Mannix*.

### C. Could a Reasonable Juror Find that Plaintiffs Met Their Burden Despite a Lack of Evidence of the Past Practice Between the Parties on Wholesale DSL Agreements?

Defendant argues that because Plaintiffs have not introduced evidence of a past practice between the parties regarding a wholesale DSL agreement, such as the CCI Agreement, it is entitled to judgment as a matter of law.

Defendant's argument is unavailing. Based on the evidence presented, a reasonable juror could find that Plaintiffs' proffered terms governed the implied-in-fact contract. Further, based on the evidence submitted, the jury could find that the CCI Agreement was to be treated the same as previous service contracts with respect to payment of commissions, regardless of the fact that it was a wholesale deal versus a sale to an end user.

Accordingly, Defendant is not entitled to judgment as a matter of law based on a lack of evidence involving the past practice between the parties on wholesale DSL agreements.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion for judgment as a matter of law.

**IT IS SO ORDERED.**

                                        **S/Sean F. Cox**
                                        **Sean F. Cox**
                                        **United States District Judge**

**Dated: August 27, 2007**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAM ANTON and
CHERYL SNIPES,

    Plaintiffs,

v.                                                   Case No. 01-40098
                                                           01-40213
                                                  Hon. Sean F. Cox

SBC GLOBAL SERVICES,

    Defendant.
_____

## **PROOF OF SERVICE**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on August 27, 2007, by electronic and/or ordinary mail.**

                                      **S/Jennifer Hernandez**
                                      **Case Manager**