UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAM ANTON and
CHERYL SNIPES,

      Plaintiffs,

v.                                                   Case No. 01-40098
                                                           01-40213
                                                           Hon. Sean F. Cox

SBC GLOBAL SERVICES,

      Defendant.
_____

## **OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Remittitur. Both parties have briefed the issues. For the following reasons, the Court **DENIES** Defendant's Motion for Remittitur.

### I.   BACKGROUND

This action arises out of the failure to pay Plaintiffs the commissions they believed they were entitled to on a wholesale DSL contract with Colin Communications, Inc. ("CCI") Plaintiffs both assert a claim for breach of an implied-in-fact contract. The underlying facts are sufficiently set forth in the parties' Trial Briefs filed July 24, 2007. [Doc. 192 and 193].

Trial commenced in this action on August 9, 2007. Both parties rested by August 21, 2007. Also on August 21, 2007, Defendant filed a motion for judgment as a matter of law. [Doc.

207].[1]  On August 27, 2007, this Court denied Defendant's motion for judgment as a matter of law. [Doc. 210].  On August 28, 2007, the jury returned a verdict in favor of Plaintiffs and awarded Plaintiff Anton $3,191,400.00 and Plaintiff Freeman Snipes $3,510,540.00 in commissions.

On September 28, 2007, Defendant filed the instant Motion, seeking remittitur.

## II.  STANDARD OF REVIEW

"[A] jury verdict should not be remitted by a court 'unless it is beyond the maximum damages that the jury reasonably could find to be compensatory for a party's loss.'" *Gregory v. Shelby County, Tennessee*, 220 F.3d 433, 443 (6th Cir. 2000)(citation omitted).  In a diversity action, state law governs the substantive determination of whether a verdict is excessive.  *Blasky v. Wheatley Trucking, Inc.*, 482 F.2d 497, 498 (6th Cir. 1973).  Under Michigan law, the court should consider several objective factors: (1) whether the verdict was the result of improper methods, prejudice, passion, partiality, sympathy, corruption, or mistake of law or fact; (2) whether the verdict was within the limits of what reasonable minds would deem just compensation for the injury sustained; and (3) whether the amount actually awarded is comparable to awards in similar cases within the state and in other jurisdictions.  *Gilbert v. DaimlerChrysler Corporation*, 470 Mich. 749, 764 (2004).

## III.  ANALYSIS

Defendant argues that the jury's award is excessive because the highest "on contract" value possible is $15 million, the amount of the volume threshold liability.  Defendant asserts

---

[1]The cases were consolidated for trial.  For convenience, the document numbers referred to with respect to trial and post-trial proceedings refer only to Plaintiff Anton, as identical documents were filed regarding Plaintiff Freeman Snipes.

2

that the damages awards should be remitted to $90,000 for Plaintiff Anton and $99,000 for Plaintiff Freeman Snipes. In the alternative, Defendant argues that because the Sales Compensation Plan provides that commissions must be returned on cancelled contracts, Plaintiffs are not entitled to any commissions because it is undisputed that the CCI Agreement was cancelled.

The jury's award is not excessive. Defendant argues that based on the Plaintiffs' commission rates "the jury necessarily must have determined that the LCR or "on contract" value of the CCI Agreement for purposes of determining commissions was $531,900,000." [Motion p.1]. To reach this number Defendant presumes the jury relied on a "straight line" economic model. But, Defendant asserts that the only possible "on contract" value from which commissions could be calculated is $15 million, because there was no monthly obligation to purchase DSL lines as is normally used in calculating an LCR. However, Plaintiffs presented evidence that several individuals stated the LCR on the CCI Agreement was much higher than $15 million. In addition, the parties stipulated that Defendant "characterized the CCI Data Services Agreement internally as a Billion-Dollar agreement and/or deal worth in excess of One Billion Dollars." [Doc. 175, p.6].

"A party asserting a claim has the burden of proving its damages with reasonable certainty." *Berrios v. Miles, Inc.*, 226 Mich.App. 470, 478 (Mich.App. 1997). "Although damages based on speculation or conjecture are not recoverable, damages are not speculative merely because they cannot be ascertained with mathematical precision." *Id.* (internal citation omitted). "It is sufficient if a reasonable basis for computation exists, although the result be only approximate." *Id.* "Where injury to some degree is found, we do not preclude recovery for lack

of precise proof of damages." *Id.* (citation omitted). See also *Howard v. City of Melvindale*, 27 Mich.App. 227, 235 (Mich.App. 1970)("On the principle that where a litigant can show he has been damaged, but his damages cannot be measured with certainty, that it is better that he recover more than he is entitled to than less, the rule in Michigan is that the risk of the uncertainty is cast upon the wrongdoer, not the injured party.").

The jury's determination that the LCR was upwards of $530 million is not speculative given the evidence presented.[2] Regardless of whether the witnesses subjectively believed what they were saying, several individuals objectively stated the value of the CCI Agreement to be between $200 million and $1 billion. Thus, relying on these statements; the stipulation that the Defendant characterized the contract as being worth over $1 billion; and other evidence presented; the jury could reasonably have found that the CCI Agreement had an LCR value of more than $15 million.

Defendant's argument that the jury award is unsupported because there was no presentation of evidence regarding "the practices and understandings of the parties in the areas of development and marketing, and other areas related to the number of sales and installations of DSL lines projected under the agreement" is unavailing. [Motion, p.13]. That evidence would be pertinent if the jury were expected to calculate what the LCR should have been, or what a reasonable person might have believed it to be. But, Plaintiffs did not ask the jury to determine what the LCR should be, i.e. to figure out how many DSL lines would likely have been ordered.

---

[2]Defendant's argument that the jury's award is speculative because the witnesses testified that they were only speculating as to the value of the CCI Agreement is without merit. The jury was free to make its own credibility determination regarding whether the witnesses believed their statements accurately reflected the LCR at the time they were made.

Rather, Plaintiffs presented evidence of what the Defendant believed the LCR to be at the time the contract was signed, by virtue of several public statements regarding the value of the CCI Agreement and the other evidence mentioned above. The jury chose to believe Plaintiff's evidence. The Court will not disturb the jury's finding.

Alternatively, Defendant argues that Plaintiffs are not entitled to commissions whatsoever because the CCI Agreement was cancelled. Defendant argues that the evidence shows that Defendant paid Plaintiffs' commissions consistent with the Sales Compensation Plan and Administrative Guidelines. Defendant notes that the Administrative Guidelines state that commissions paid that are "associated with a cancellation" must be subtracted from future commission payments. Defendant concludes that because the CCI Agreement was cancelled prior to any orders being placed, Plaintiffs are not entitled to commissions. Defendant attempts to differentiate the CCI Agreement at issue from other contracts with CCI in which Plaintiffs were paid commissions despite cancellation. It argues that the other contracts were simultaneously an order for services, whereas the CCI Agreement was not also an order for services.

Defendant's argument fails on two grounds. First, Defendant did not timely seek determination of the legal and factual issues it now relies on. Defendant's argument requires a determination of whether this provision of the Administrative Guidelines was a term of Plaintiffs' implied-in-fact contracts, and whether the cancellation of the CCI Agreement was different from the cancellation of the other contracts with CCI where Plaintiffs were allowed to keep their commissions such that the Administrative Guideline precluding commissions applied. Defendant did not request or argue for these determinations. In the Joint Final Pretrial Order, the

parties indicated there were no issues of law to be litigated, and did not identify the applicability of this provision of the Administrative Guidelines as a factual issue to be litigated. [Doc. 175, p.8]. Further, Defendant did not raise this argument in its motion for judgment as a matter of law pursuant to Fed.R.Civ.P. 50(a), and it is therefore waived. "[A] motion for judgment as a matter of law must 'specify the judgment sought and the law and facts on which the moving party is entitled to the judgment.'" *Kusens v. Pascal Company, Inc.*, 448 F.3d 349, 361 (6th Cir. 2006)(citing Fed.R.Civ.P. 50(a)). "A post-trial motion for judgment may not advance additional grounds that were not raised in the pre-verdict motion." *Id.*

Defendant's argument also fails because it presumes that the provisions of the Sales Compensation Plan and the Administrative Guidelines are a binding part of the implied-in-fact contract with Plaintiffs. As discussed above, the jury could reasonable have found that the terms of the Sales Compensation Plan and Administrative Guidelines were not a part of the implied-in-fact contract with Plaintiffs. Accordingly, Defendant is not entitled to remittitur on the basis of the cancellation of the CCI Agreement.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion for Remittitur.

**IT IS SO ORDERED.**

                                            **S/Sean F. Cox**
                                            **Sean F. Cox**
                                            **United States District Judge**

**Dated: February 4, 2008**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on February 4, 2008, by electronic and/or ordinary mail.**

                                            **S/Jennifer Hernandez**
                                            **Case Manager**