UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Pamela S. Anton and Cheryl Freeman Snipes,

    Plaintiffs,

v.                                               Case No. 01-40098 and Case No. 01-40213

SBC Global Services, Inc., d/b/a         Honorable Sean F. Cox
Ameritech Information Systems, Inc.,
a/k/a Ameritech, a/ka SBC/Ameritech,
a Delaware corporation,

    Defendant.

_____/

## OPINION & ORDER
## DENYING SBC'S MOTIONS FOR INTERPLEADER RELIEF

This matter is currently before the Court on Defendant's "Motions for Interpleader Relief" filed in Case No. 01-40098 and 01-40213. The Court finds that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motions will be decided upon the briefs. For the reasons that follow, Defendant's motions shall be DENIED.

BACKGROUND

In 2001, Pamela S. Anton ("Anton") and Cheryl Freeman Snipes ("Snipes") filed separate actions against their former employer, SBC Global Services, Inc. d/b/a Ameritech Information Systems, Inc., a/k/a Ameritech, a/ka SBC/Ameritech, a Delaware corporation ("SBC"). In Case No. 01-40098, Anton asserted claims against SBC, seeking unpaid sales commissions. Similarly, in Case No. 01-40213, Snipes asserted claims against SBC, seeking

1

unpaid sales commissions. This Court exercised diversity jurisdiction over both actions.

Anton and Snipes were represented by David Lawrence ("Lawrence") and David Martin ("Martin").[1] When the cases were commenced, Lawrence was with the law firm of Timmis & Inman, P.C. ("Timmis & Inman"). Prior to trial, however, Lawrence moved from Timmis & Inman, P.C. ("Timmis & Inman") to the law firm of Couzens, Lansky, Fealk, Ellis, Roeder & Lazar, P.C. ("Couzens Lansky"). In January of 2005, Timmis & Inman filed a notice in each action, giving notice that it was asserting an attorney lien over funds that may be recovered in the actions and requesting that "any and all checks made payable to Plaintiff include Timmis & Inman, PLLC as a payee." (*See* Docket Entry No. 133).

Both cases proceeded to a jury trial in 2007. After a verdict in favor of Anton, Judgment was entered in favor of Anton on September 14, 2007, in the amount of $3,832,554.00 plus interest. (Docket Entry No. 213). After a verdict in favor of Snipes, Judgment in favor of Snipes was entered on September 14, 2007, in the amount of $3,498,540.00 plus interest. (Docket Entry No. 201 in Case No. 01-40213). On October 29, 2009, the United States Court of Appeals for the Sixth Circuit issued Opinions affirming both Judgments. Mandates issued in both actions on November 23, 2009.

On December 21, 2009, SBC filed "Motions Requesting the Court's Expedited Assistance for Direction Regarding Payment on Judgment" in both cases. SBC explained that it was ready to make the final payments to satisfy the judgments in both cases but that, because of a dispute over attorney fees between Lawrence and Timmis & Inman, it was asking that the Court provide it with direction as to how to make the payment.

---

[1] At all times, Martin was with the law firm of Law Office of David L. Martin.

Thereafter, this Court held a status conference on January 5, 2010, at which time the Court questioned whether it had jurisdiction over any attorney fee dispute between Lawrence/Couzens Lansky and Timmis & Inman. Counsel discussed several potential options, including private facilitation and SBC filing an interpleader action.

On February 2, 2010, SBC filed the instant "Motion for Interpleader Relief." (Docket Entry No. 265).

ANALYSIS

There are two vehicles by which a party can seek interpleader relief: 1) statutory-interpleader, pursuant to 28 U.S.C. § 1335; and 2) rule-interpleader under FED. R. CIV. P. 22.

Here, SBC does not seek to initiate a claim under statutory-interpleader and it does not appear that it could do so, in light of the statute's requirement that the adverse claimants (here, Lawrence/Couzens Lansky and Timmis & Inman) be of diverse citizenship. 28 U.S.C. § 1335(a)(1).

Rather, SBC seeks to initiate an interpleader claim via rule-interpleader. "[C]ontrary to statutory-interpleader actions, the absence of diversity of citizenship among the claimants is irrelevant in rule-interpleader cases." 7 FED. PRAC. & PROC. CIV. § 1710, *Subject-Matter Jurisdiction.* So long as there is diversity between the plaintiff stakeholder and the claimant defendants, and the jurisdictional amount is met, interpleader relief can be sought under Rule 22. *Id.*

An interpleader claim is most commonly raised in an independent action. 48 C.J.S. Interpleader § 31, *Counterclaim or cross-claim asserting interpleader.* Because it appears that there is diversity between SBC and the claimants (Lawrence/Couzens Lansky and Timmis &

Inman), and the amount in controversy exceeds $75,000, SBC could have initiated an independent rule-interpleader action.

Rather than initiate an independent action, however, Defendant SBC seeks "interpleader relief" in these closed 2001 cases. SBC asks the Court to "*add* the law firms of [Couzens Lansky, Timmis & Inman, and the Law Office of David L. Martin] as cross-defendants so as to allow the Court to retain jurisdiction over them for purposes of providing Rule 22 Interpleader relief." (SBC's Motion at 2)(emphasis added).[2]

An interpleader claim can be raised by counter-claim or cross-claim in appropriate circumstances. 48 C.J.S. Interpleader § 31, *Counterclaim or cross-claim asserting interpleader.* "Under federal law, both statutory and rule interpleader may be brought by way of a cross-claim or a counterclaim. Thus, a defendant in an interpleader action may frame his or her pleading either as a cross-claim seeking relief against a *coparty already in the lawsuit*, or as a counterclaim seeking relief *against the plaintiff*." *Id*. (emphasis added); *see also T.R. Grubbs v. General Elect. Credit Corp*., 405 U.S. 699, 705 n.2 (1972) ("[A] defendant seeking interpleader must frame his pleading either as a cross-claim seeking relief against *a co-party already in the lawsuit*, or as a counterclaim seeking relief against the *plaintiff*.") (emphasis added).

The only parties in these two civil actions were Anton and Snipes (Plaintiffs) and SBC (Defendant). None of the attorneys or law firms involved in the attorney fee dispute were parties to these actions. Thus, SBC does not seek to raise a cross-claim against a coparty already in

---

[2]SBC's motions do not attach proposed cross-complaints. Rather, they attach proposed orders wherein the Court would: 1) order the law firms be added as cross-defendants, 2) allow SBC to deposit the funds in relation to the attorney fee dispute; and 3) order Plaintiffs to file a satisfaction of judgment upon SBC depositing the funds.

4

these cases, nor does it seek to assert counterclaims against Anton or Snipes. Moreover, both of these cases were filed in 2001 and are closed actions. Accordingly, the Court does not believe that SBC can initiate interpleader claims in these closed actions.[3]

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that SBC's Motions for Interpleader relief, filed in Case No. 01-40098 and Case No. 01-40213 are hereby DENIED.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: February 24, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 24, 2010, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager

---

[3]Again, it does appear that SBC could initiate an independent, rule-interpleader action, based on diversity jurisdiction. If SBC believes that such an action would be a companion case to these actions, it can so identify it.

5